Ronald Lee JOHNSON,
Petitioner-Appellant,

v.

Roger T. OVERBERG,
Respondent-Appellee.

No. 80-3223.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 21, 1980.

Decided Jan. 27, 1981.

Thomas Mc Guire, Frederick Gittes, Spater, Gittes & Terzian, Columbus, Ohio, for petitioner-appellant.

William J. Brown, Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before ENGEL, KEITH and MERRITT, Circuit Judges.

PER CURIAM.

Pursuant to 28 U.S.C. § 2254, petitioner alleges a due process violation in his state court conviction because the State allegedly failed to abide by its speedy trial act.

Ohio law, R.C. 2945.71–.73, states that a person accused of a felony shall be brought to trial within 270 days of his arrest. Each day he is held in jail in lieu of bail on the pending charge shall be counted as three days, so that if a defendant is held in jail on the pending charge he must be tried within ninety days. The time for a preliminary hearing or trial may be extended by "any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). The remedy for a violation of this speedy trial provision is discharge.

Petitioner was arrested in Columbus, Ohio, on September 23, 1975, and charged with aggravated robbery. He was unable to post bond at the preliminary hearing and

remained incarcerated until sentencing, thus invoking the three-for-one provision of the Ohio Speedy Trial Act. The order binding petitioner over to the grand jury was filed on October 3, 1975. On December 2, 1975—seventy days after arrest—the prosecuting attorney requested a thirty-day continuance to indict the petitioner. The extension was requested because of the congested grand jury docket. No notice was given to the petitioner or his counsel, and the continuance was granted without receipt of evidence.

An indictment was filed against petitioner on December 17, 1975. He was arraigned, pleaded not guilty, and trial was scheduled for December 30, 1975. At that time the petitioner's motion to discharge the indictment on grounds that he had been in custody for ninety-eight days was overruled, and a continuance was granted. Petitioner specifically reserved the right to challenge the timeliness of the December 30, 1975 trial date. In November, 1976, the trial court again overruled the motion to discharge the indictment, stating that the request to continue the grand jury proceedings also acted to continue the time for trial. The petitioner withdrew his guilty plea and entered a plea of no contest. Petitioner was found guilty and sentenced to five to twenty-five years in prison. The Ohio Court of Appeals affirmed and rejected the petitioner's claim that he was entitled to notice and an opportunity to object to the December 2, 1975 continuance. The Ohio Supreme Court refused to hear his appeal. Petitioner then filed this federal habeas corpus action.

■■■ The petitioner concedes that a federal habeas corpus court is bound by state law. But where a state adopts its own rules or standards, even if voluntary and beyond the requirements of the federal constitution, the state must obey due process in applying or deviating from these rules. The crux of petitioner's case is that he was not given notice and an opportunity to object to the December 2, 1975 continuance. In this case the Ohio legislature granted the petitioner a liberty interest when it required that he be tried within ninety days of his arrest. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 43 L.Ed.2d 616 (1972); *Morrisey v. Brewer*, 408 U.S. 471, 480–82, 92 S.Ct. 2593, 2599–6001, 33 L.Ed.2d 484 (1972). This liberty interest cannot be denied without due process of law. *Id.* Petitioner alleges that due process required notice and an opportunity to be heard at the December 2, 1975 continuance. It is apparent, however, that the process which is due in this situation need not come in the form of notice and a hearing *before* a continuance is granted. See *Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 310 (1976). In this instance, petitioner was provided with notice and an opportunity to be heard within a short time after running of the time for trial. This was not an instance where the prosecutor let the time for trial pass without any attempt to obtain an extension. An *ex parte* continuance for the indictment was sought, and the Ohio Court of Appeals found that this grand jury continuance acted as a continuance for trial. Notice and hearing *before* a continuance would allow the defendant to challenge the length and purpose of the continuance and to allege prejudice. A hearing after the continuance, however, does not take away the state-granted liberty interest of the defendant. The defendant can still challenge the length and purpose of the continuance and still allege prejudice. In this case the trial court stated that the continuance, as the parties had stipulated, was for good cause. No bad faith or abuse of discretion was shown in the granting of the continuance. Defendant alleged no prejudice. All of these inquiries can be made after granting of a continuance as well as before the continuance. When the hearing is held shortly after the running of the time for trial, dismissal provides an adequate remedy to an improper continuance. In this instance, therefore, no federal due process violation occurred when the defendant was given notice and an opportunity to object to a continuance within a short time following expiration of the time for trial.

Accordingly, the judgment of the District Court is hereby affirmed.